# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS WASHINGTON,** ) | |
| Plaintiff ) | |
| ) | **C.A.No. 15-179ERIE** |
| vs. ) | |
| ) | **District Judge Rothstein** |
| **JOHN WETZEL, et al,** ) | **Magistrate Judge Baxter** |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the partial motion to dismiss filed by Defendants [ECF No. 51] be denied.

**II.    REPORT**

    **A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, initiated this civil rights action on July 20, 2015. Since the filing of the action, this Court has "appointed" counsel to represent Plaintiff in this litigation.

On May 11, 2016, counsel for Plaintiff filed an amended complaint. ECF No. 40. Plaintiff alleges that he has been denied adequate medical treatment for his mental health issues and has been retaliated against. ECF No. 40, ¶ 2. As Defendants to this action, Plaintiff named: John Wetzel, Secretary of the Pennsylvania Department of Corrections; Michael Overmyer, Superintendent of SCI Forest; and Tina Bloom, a counselor at SCI Forest. Plaintiff alleges that

1

Defendants have violated his constitutional rights and he seeks compensatory and punitive damages for those violations.

Defendants have filed a partial[1] motion to dismiss seeking dismissal of Plaintiff's conditions of confinement claim and the dismissal of Wetzel and Overmyer. ECF No. 51. Plaintiff has filed a brief in opposition to the pending dispositive motion. ECF No. 56. The present motion is ripe for disposition by this Court.

### B. Plaintiff's Allegations

Plaintiff, who suffers from mental illnesses, is an inmate in the custody of the Pennsylvania Department of Corrections. ECF No. 40. From June 2014 through January of 2015, Plaintiff was incarcerated at SCI Forest. Id. at ¶ 16.

During his incarceration at SCI Forest, Plaintiff was removed from his regular cell in the general population and confined to a cell in the Restricted Housing Unit ("RHU"). Id. at ¶ 20. Plaintiff alleges that the Department of Corrections does not have a policy to consider a prisoner's mental illness before placing him into the extreme conditions of the RHU. Id. at ¶ 22. Moreover, Plaintiff complains that when placed in RHU for disciplinary reasons, he was not afforded the opportunity to raise his mental illness as an explanation and/or defense to the disciplinary actions taken against him. Id. at ¶ 23.

The conditions experienced by Plaintiff in the RHU involved extreme isolation. These conditions included confinement in an extremely small cell for 23-24 hours per day; constant illumination; limited access to health care; limited access to natural light or fresh air; and limited

---

[1] Despite filing a partial motion to dismiss, Defendants have not filed an Answer.

access to bathing facilities. Id. at ¶ 25. These conditions negatively impacted Plaintiff's health and well-being and failed to meet the minimum standards to be reasonably considered habitable. Id. at ¶ ¶ 26-30. These conditions were "caused by the policies, customs, and practices of the Department of Corrections as carried out by unknown guards, supervisors and other employees of the Department of Corrections, all of which were known to superintendent Overmyer and Secretary Wetzel." Id. at ¶ 31.

On August 20, 2014, Plaintiff had a counseling session with Tina Bloom, a counselor who had previously treated Plaintiff on multiple occasions and who was familiar with Plaintiff's medical history. Id. at ¶ ¶ 33-35. During this session, Plaintiff complained of feeling suicidal and Bloom belittled, denigrated, and trivialized Plaintiff illness. Id. at ¶ 35. Counselor Bloom suddenly and repeatedly began to stab herself in the arm with a pen. Id. at ¶ 38. As a result of the stabbing, Bloom suffered lacerations and puncture wounds that caused significant bleeding. Id. at ¶ 39. Bloom then used her opposite hand to wipe the blood from her arm on the wall and then leave the room. Id. at ¶ ¶ 40-41.

Witnessing Bloom's violent self-inflicted stabbing was detrimental to Plaintiff's emotional health and well-being. Id. at ¶ ¶ 44. Plaintiff alleges: "Counselor Bloom, who was familiar with Mr. Washington and his mental health illnesses, knowingly and/or recklessly disregarded Mr. Washington's health and well-being through her violent act of stabbing herself in the arm and thereafter wiping her blood on the walls in front of Mr. Washington because such an act would exacerbate, aggravate and/or trigger Mr. Washington's existing metal illnesses, many of which she knew had their origins in an incident of self-inflicted violence by a close

family member of Mr. Washington's that was witnessed by Mr. Washington during his childhood." Id. at ¶ 43.

Following the stabbing incident, Plaintiff's mental health continued to deteriorate and he attempted suicide. Id. at ¶ ¶ 45-46. Plaintiff suffered from flashbacks to Bloom's self-inflicted stabbing and when he received further mental health treatment, he was brought back to the same room where he witnessed Bloom's stabbing. Id. at ¶ ¶ 47-49. Despite his pleas to avoid the room where the stabbing took place, prison staff continued to return Plaintiff to the room. Id. at ¶ ¶ 48-53.

Plaintiff alleges that the Department of Corrections does not have an adequate policy in place to screen, evaluate, train or supervise its personnel treating patients with mental illnesses. Id. at ¶ 51.

After the stabbing incident, Plaintiff filed grievances and later brought this lawsuit. Plaintiff's use of the grievance process and the courts has resulted in Plaintiff's being subjected to retaliation in the form of having a letter placed in his cell directing him to "drop" the lawsuits and/or grievances; receiving photos of Plaintiff's family containing threats of harm and/or deadly harm; and being told to "drop everything." Id. at ¶ ¶ 62-63.

Based on the foregoing factual allegations, Plaintiff makes the following legal claims: Count I – an Eighth Amendment claim based upon the denial of medical care following the Counselor Bloom stabbing; Count II – an Eighth Amendment claim based on Plaintiff's

conditions of confinement in the RHU; Count III – a retaliation claim[2]; and Count IV – an intentional infliction of emotional distress claim under state law against Bloom only.

### C. Standard of Review -- Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b) (6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b) (6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal

---

[2] Plaintiff acknowledges that he has not yet properly identified the "Department of Corrections personnel responsible for the retaliatory conduct but plans to seek discovery and future amendment of the complaint to name and identify those individuals." See ECF No. 56, page 6 n.3.

Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

**D. Personal Involvement of Defendants Wetzel and Overmyer**

Defendants argue that Wetzel, the Secretary of the Pennsylvania Department of Corrections, and Overmyer, Superintendent of SCI Forest, should be dismissed from this action because Plaintiff has failed to allege their personal involvement in any of the alleged constitutional deprivations.

To establish liability under § 1983, a plaintiff must allege that the prison official was personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Liability under § 1983 cannot be predicated solely on *respondeat superior.* Rizzo v. Goode, 423 U.S. 362 *1976). See also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action).

Here, the complaint contains sufficient factual allegations against Defendants Wetzel and Overmyer to implicate their personal involvement in the constitutional violations. Plaintiff alleges that the harsh conditions of the RHU exacerbated and aggravated Plaintiff's mental illnesses and that these harsh conditions were known to both Wetzel and Overmyer. ECF No. 40, ¶¶ 29, 31. At this early stage of the proceedings, these allegations are sufficient to support the personal involvement of Defendants Wetzel and Overmyer. Accordingly, the motion to dismiss should be denied in this regard.

**E. Conditions of Confinement – Count II**

Next, Defendants move for the dismissal of Count II arguing that Plaintiff has failed to state an Eighth Amendment claim.

Under the Eighth Amendment, prisoners are constitutionally protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1991). But, "not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights." Booth v. King, 228 Fed.App'x 167, 171 (3d Cir.2007). Cruel and unusual punishment will only

be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." Id. quoting Tillery v. Owens, 907 F.2d 418, 426–27 (3d Cir.1990).

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measure to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526–27 (1984). However, "to the extent that prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

To make out an Eighth Amendment claim based on prison conditions, the plaintiff must show "he has suffered an objectively, sufficiently serious injury [or deprivation], and that prison officials inflicted the injury with deliberate indifference." Farmer, 511 U.S. at 834. An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes, 452 U.S. at 347; see also Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 419 (3d Cir.2000).

In analyzing whether the conditions of confinement violate the Eighth Amendment, a court must examine the totality of the conditions at the institution. See Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996) citing Tillery, 907 F.2d at 426-27. "Relevant considerations include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." Id.

Here, Plaintiff complains of extreme isolation, constant illumination, limited access to natural light, fresh air and bathing facilities, as well as limited access to medical care. Plaintiff complains that the constant illumination in his cell has caused sleeplessness, disorientation, loss of awareness as to time and loss of the ability to recognize whether it was day or night. ECF No. 40, ¶ ¶ 25-32. Plaintiff further alleges that the prolonged exposure to these conditions "including the extreme isolation, lack of activity, lack of contact with other individuals, lack of sleep and disorientation from around-the-clock artificial lighting" exacerbated Plaintiff's mental illnesses. Id. at ¶ 29.

At this early stage of the litigation, Plaintiff's allegations are sufficient to state an Eighth Amendment claim. See Bacon v. Miner, 229 Fed. App'x 96 (3d Cir. 2007) (implicitly recognizing that constant illumination could state an Eighth Amendment claim); Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988) (meaningful recreation is "extremely important to the psychological and physical well-being of prisoners.").

Defendants' motion to dismiss should be denied.

## III. CONCLUSION

It is respectfully recommended that the partial motion to dismiss filed by Defendants [ECF No. 51] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a

waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                        /s/ Susan Paradise Baxter  
                                        SUSAN PARADISE BAXTER  
                                        United States Magistrate Judge

Dated: February 10, 2017